**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| **COOPER INDUSTRIES, LLC,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| v. | No. _____ |
| **TOASTMASTER INC. and SPECTRUM BRANDS, INC.,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

**COMPLAINT**

Plaintiff, Cooper Industries, LLC ("Cooper"), for its Complaint, states as follows:

**INTRODUCTION**

1. Cooper, successor to McGraw-Edison Company ("McGraw-Edison") brings this action against Toastmaster Inc. and Spectrum Brands, Inc. (collectively, "Defendants") seeking a declaration of its right to indemnification pursuant to an Asset Purchase Agreement for liabilities arising from or related to the remediation of a former Toastmaster facility in Macon, Missouri.

**PARTIES**

2. Cooper is a limited liability company. The sole member of Cooper is Eaton Electric Holdings, LLC, a limited liability company. The sole member of Eaton Electric Holdings, LLC, is Eaton US Holdings, Inc., a corporation organized in the State of Ohio whose principal place of business is located in Cleveland, Ohio.

3. Upon information and belief, Defendant Toastmaster Inc. is the successor-by-merger to Toastmaster Holding Company. It is organized under the laws of the state of Missouri with its principal place of business in Middleton, Wisconsin.

4. Upon information and belief, Defendant Spectrum Brands, Inc. ("Spectrum") is organized under the laws of the state of Delaware with its principal place of business in Middleton, Wisconsin. Spectrum has represented to the United States Environmental Protection Agency ("EPA") that it is responsible for the liabilities of Toastmaster Inc.

## FACTUAL BACKGROUND

**A.     Toastmaster Sale**

5. On July 16, 1980, McGraw-Edison entered into an Asset Purchase Agreement with Toastmaster Holding Company and Toastmaster Inc. ("1980 Asset Purchase Agreement"), which is attached to this Complaint as Exhibit A.

6. Pursuant to the 1980 Asset Purchase Agreement, McGraw-Edison sold its Portable Appliance and Tool Group business to Toastmaster Holding Company.

7. In Section 4.1 of the 1980 Asset Purchase Agreement, Toastmaster Holding Company assumed liabilities relating to McGraw-Edison's Portable Appliance and Tool Group both "as they exist on the Closing" as well as liabilities that "arise from or on account of the [Portable Appliance and Tool Group] prior to the Closing."

8. The 1980 Asset Purchase Agreement specifically included among the assumed liabilities all "civil liabilities of, or claims against McGraw-Edison (and any liabilities, claims, damages, including incidental and consequential damages, or reasonable out-of-pocket expenses, including attorneys' fees with respect thereto) arising in, out of or with respect to . . . the operations of the [Portable Appliance and Tool Group] prior to the Closing."

9. Included in the summary of real estate subject to the 1980 Asset Purchase Agreement was a facility identified as "Plant 6," located at 704 South Missouri Street, Macon, Missouri as well as 1.5 acres of property adjoining that plant site.

10. On or about March 28, 1984 Toastmaster Inc. merged into Toastmaster Holding Company, with Toastmaster Holding Company the surviving corporation. On that same date, Toastmaster Holding Company changed its name to Toastmaster Inc.

11. On or about June 23, 1994 Toastmaster Inc. merged with and into a subsidiary corporation named New Toast, with New Toast the surviving corporation. On that same date, New Toast changed its name to Toastmaster Inc.

12. Spectrum has represented to the EPA that it assumed the liabilities of Toastmaster Inc.

**B.     Toastmaster-Macon Site**

13. Since approximately 1991, Defendants have been engaging in environmental response actions at the Toastmaster-Macon Site, which is generally located at 704 South Missouri Street, Macon, Missouri and is further identified in a November 20, 2015 Administrative Settlement Agreement and Order on Consent between Spectrum, Compton's LLC, and the EPA.

14. In 1991, after discovering a fuel tank leak at the facility it operated at 704 South Missouri Street, Macon, Missouri, Toastmaster Inc. began an investigation of soil and groundwater contamination migrating from the Toastmaster-Macon Site.

15. In 1992, Toastmaster Inc. reported a spill of trichloroethylene from the Toastmaster-Macon Site to the National Response Center.

16. Toastmaster Inc. continued its investigations of potential contamination of soil and groundwater at and from the Toastmaster-Macon Site until at least June 2012.

17. On November 20, 2015, Spectrum, as the alleged successor to Toastmaster, entered into an Administrative Settlement Agreement and Order on Consent for Removal Action regarding the Toastmaster-Macon Site.

18. On November 21, 2014, the EPA sent a Request for Information pursuant to Section 104(e) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") to Eaton Corporation, a subsidiary of Eaton US Holdings, regarding McGraw-Edison's alleged operations at the Toastmaster-Macon Site.

19. Eaton Corporation responded to the Request for Information by explaining that Eaton Corporation's ultimate parent company acquired Cooper's then-ultimate parent company in 2012; however, McGraw-Edison's rights and liabilities (if any) pursuant to the 1980 Asset Purchase Agreement reside with Cooper.

20. Cooper first became aware of any alleged liabilities related to or arising from the Toastmaster-Macon Site when Eaton Corporation, a separate subsidiary of Cooper's now-ultimate parent company, received the November 21, 2014 Request for Information.

21. On December 12, 2014 Cooper demanded that Toastmaster Inc. defend and indemnify Cooper against any liabilities arising from the Toastmaster-Macon Site pursuant to the 1980 Asset Purchase Agreement.

22. On January 12, 2015, Spectrum responded to Cooper's demand on behalf of Toastmaster Inc. by requesting that Cooper participate in the remediation of the Toastmaster-Macon Site.

23. On February 2, 2015, EPA sent a Request for Information to Cooper pursuant to Section 104(e) of CERCLA regarding McGraw-Edison's alleged operations at the Toastmaster-Macon Site.

24. Cooper served its response to the Request for Information on February 26, 2015.

25. On April 13, 2016 Cooper received a General Notice Letter from the EPA identifying it as a Potentially Responsible Party for the remediation of the Toastmaster-Macon Site pursuant to Sections 106(a) and 107(a) of CERCLA.

26. Cooper forwarded the General Notice Letter to Toastmaster Inc. on April 26, 2016 and demanded that Toastmaster Inc. defend and indemnify Cooper for all liabilities arising from or related to the Toastmaster-Macon Site.

27. On May 5, 2016 Spectrum responded to Cooper's indemnity demand on behalf of Toastmaster Inc. by demanding that Cooper indemnify Spectrum.

**D.    Cooper is the successor to McGraw-Edison.**

28. In 1985 Cooper Industries, Inc. acquired all stock of McGraw-Edison.

29. In 1986, Cooper Industries, Inc. merged McGraw-Edison into a Cooper Industries, Inc. subsidiary.  It then transferred McGraw-Edison's assets and liabilities to a new subsidiary of Cooper Industries, Inc. named McGraw-Edison Company.

30. That new McGraw-Edison Company merged directly with and into Cooper Industries, Inc. in 2004.

31. On January 1, 2005 Cooper Industries, Inc. merged with and into Cooper, the Plaintiff in this case.

32. McGraw-Edison's rights under the 1980 Asset Purchase Agreement transferred to Cooper by operation of law via these transactions.

**JURISDICTION AND VENUE**

33. This Court has personal jurisdiction over Toastmaster Inc. as a corporation organized under the laws of Missouri pursuant to Revised Missouri Statute § 351.476.

34. This Court has personal jurisdiction over Spectrum because this cause of action arises, at least in part, from activities carried on by Spectrum and/or its predecessors in the State

of Missouri and concerns Spectrum's obligations to indemnify Cooper for remediation of environmental contamination in the State of Missouri.

35. There is complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs; accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332.

36. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this cause of action occurred in this judicial district.

### COUNT I
### Declaratory Judgment – 28 U.S.C. § 2201 *et seq.*
### (Against Both Defendants)

37. Cooper incorporates the above paragraphs by reference as if set forth in their entirety.

38. In the 1980 Asset Purchase Agreement, Toastmaster Holding Company agreed to indemnify Cooper for, among other things, all liabilities arising from the operations that "arise from or on account of the [Portable Appliance and Tool Group] prior to the Closing."

39. Toastmaster Inc. and/or Spectrum succeeded, via merger, to Toastmaster Holding Company's obligations under the 1980 Asset Purchase Agreement.

40. Cooper succeeded to McGraw-Edison's rights under the 1980 Asset Purchase Agreement.

41. The facility at 704 South Missouri Street, Macon, Missouri was an operation of the McGraw-Edison Portable Appliance and Tool Group as of the date of the 1980 Asset Purchase Agreement.

42. Any liabilities arising from activities of Toastmaster Holding Company, Toastmaster Inc., or Spectrum after the date of the closing are the sole responsibility of Defendants.

43. Cooper's alleged liability for the Toastmaster-Macon Site is premised on allegations that necessarily would have "arise[n] from or on account of" the operations of the McGraw-Edison Portable Appliance and Tool Group "prior to the Closing" of the 1980 Asset Purchase Agreement.

44. Pursuant to the 1980 Asset Purchase Agreement, Defendants are obligated to defend and indemnify Cooper against such liabilities.

45. Spectrum, on behalf of itself and Toastmaster Inc., denied its contractual obligation to Cooper on May 5, 2016.

46. Spectrum, on behalf of itself and Toastmaster Inc., further asserted a right to indemnification from Cooper.

47. Defendants have no right to indemnification from Cooper for liabilities associated with the Toastmaster-Macon Site under the 1980 Asset Purchase Agreement or on any other basis.

48. Cooper denies any obligation to defend or indemnify Defendants.

49. An actual controversy exists regarding whether Defendants must defend and indemnify Cooper for the liabilities arising from and related to the Toastmaster-Macon Site.

50. Cooper has begun incurring costs defending itself from the liabilities arising from and related to the Toastmaster-Macon Site.

51. Furthermore, Cooper may incur additional defense and indemnity costs arising from or related to the Toastmaster-Macon Site as the EPA and Defendants assert that Cooper is liable for past and future remediation costs.

52. Cooper seeks a declaration from the Court that Cooper is entitled to defense and indemnification from Defendants under the 1980 Asset Purchase Agreement.

WHEREFORE, Cooper requests that the Court enter judgment against Defendants as follows:

    i. Enter a declaratory judgment declaring that Defendants have a duty to defend and indemnify Cooper pursuant to the terms of the 1980 Asset Purchase Agreement for all liabilities arising from or related to the Toastmaster-Macon Site;

    ii. Enter a declaratory judgment declaring that Defendants are not entitled to defense or indemnity from Cooper pursuant to the terms of the 1980 Asset Purchase Agreement, or on any other basis, for the liabilities arising from or related to the Toastmaster-Macon Site;

    iii. Award Cooper its costs, disbursements, and attorneys' fees in this lawsuit including interest; and

    iv. Award Cooper any other relief deemed just and appropriate by this Court.

### COUNT II
### Breach of Contract
### (Against Both Defendants)

53. Cooper incorporates the above paragraphs by reference as if set forth in their entirety.

54. Defendants are obligated to defend and/or reimburse defense costs and indemnify Cooper for the liabilities arising from or related to the Toastmaster-Macon Site.

55. Defendants have failed to perform by failing to defend and/or reimburse defense costs and indemnify Cooper and have failed otherwise to acknowledge their responsibilities for liabilities arising from or related to the Toastmaster-Macon Site, which constitutes a breach of the 1980 Asset Purchase Agreement.

56. As a result of Defendants' breach, Cooper has incurred costs to defend itself for the liabilities arising from or related to the Toastmaster-Macon Site.

57. Furthermore, Cooper may incur indemnity costs arising from or related to the Toastmaster-Macon Site as the EPA and Defendants assert that Cooper is liable for past and future remediation costs.

58. Defendants have either disclaimed or have failed to acknowledge their obligations to indemnify Cooper for past and future indemnity costs arising from or related to the Toastmaster-Macon Site.

59. Cooper has performed all conditions precedent to recovery under the 1980 Asset Purchase Agreement and Cooper has not excused Defendants' non-performance.

WHEREFORE, Cooper requests judgment against Defendants as follows:

(i) Enter judgment against Defendants for breach of the 1980 Asset Purchase Agreement and accordingly award Cooper damages and all fair and reasonable damages caused by Defendants' breach;

(ii) Award Cooper its costs, disbursements, and attorneys' fees in this lawsuit, including interest; and

(iii) Award any other relief deemed just and appropriate by this Court.

### COUNT III
**Anticipatory Breach of Contract**
**(Against Both Defendants)**

60. Cooper incorporates the above paragraphs by reference as if set forth in their entirety.

61. Defendants are obligated to defend and/or reimburse defense costs and indemnify Cooper for the liabilities arising from or related to the Toastmaster-Macon Site.

62. Defendants have failed to perform by failing to defend and/or reimburse defense costs and indemnify Cooper and have failed otherwise to acknowledge their responsibilities and liabilities arising from or related to the Toastmaster-Macon Site, which constitutes a breach of the 1980 Asset Purchase Agreement.

63. As a result of Defendants' breach, Cooper has incurred costs to defend itself for the liabilities arising from or related to the Toastmaster-Macon Site.

64. Furthermore, Cooper may incur indemnity costs arising from or related to the Toastmaster-Macon Site as the EPA and Defendants assert that Cooper is liable for past and future remediation costs.

65. Defendants have either disclaimed or have failed to acknowledge their obligation to indemnify Cooper for past and future indemnity costs arising from or related to the Toastmaster-Macon Site.

66. Cooper has performed all conditions precedent to recover under the 1980 Asset Purchase Agreement and Cooper has not excused Defendants' non-performance.

WHEREFORE, Cooper requests judgment against Defendants as follows:

(i) Enter judgment against Defendants for anticipatory breach of the 1980 Asset Purchase Agreement and all fair and reasonable damages caused by Defendants' breach;

(ii) Award Cooper its costs, disbursements, and attorneys' fees in this lawsuit, including interest; and

(iii) Award any other relief deemed just and appropriate by this Court.

**PRAYER FOR RELIEF**

67. For these reasons, Cooper seeks (1) a declaration that Defendants are obligated to defend and indemnify Cooper for the liabilities arising from or related to the Toastmaster-Macon

Site; (2) a declaration that Cooper does not owe Defendants an obligation to defend or indemnify Defendants for the liabilities arising from or related to the Toastmaster-Macon Site; (3) judgment for fair and reasonable damages against Defendants caused by their breach or anticipatory breach of contract; (4) attorneys' fees and costs for this action; and (5) any other relief deemed just and appropriate by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  June 7, 2016                                     Respectfully submitted,


*/s/ Todd C. Stanton*
**STANTON LAW OFFICE LLC**
Todd C. Stanton, #49312MO
Evan M. Porter, #63168MO
9450 Manchester Road, Suite 205
St. Louis, Missouri 63119
Telephone – 314.526.2115
Facsimile – 314.666.8674

**JONES DAY**
Michael H. Ginsberg*
Jane B. Story*
Dominic I. Rupprecht*
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219-2514
Telephone – 412.391.3939
Facsimile – 412.394.7959
*pro hac vice applications forthcoming*

*Attorneys for Plaintiff Cooper Industries, LLC*