UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| COOPER INDUSTRIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:16 CV 39 CDP |
| ) | |
| SPECTRUM BRANDS, INC., ) | |
| ) | |
| Defendant/Counter Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| COOPER INDUSTRIES, LLC, et al., ) | |
| ) | |
| Counter Defendants. ) | |

## MEMORANDUM AND ORDER

In 1980, the predecessor of plaintiff Cooper (McGraw Edison) sold some property and plant sites to the predecessor of defendant Spectrum Brands, Inc. (Toastmaster)[1] under an Asset Purchase Agreement. One of these plants is located in Macon, Missouri. After the sale, environmental contamination was discovered at the Macon site and remediation began. At issue in this case is who ultimately bears the cleanup costs under the terms of the agreement, which provides that Toastmaster assumes certain of McGraw Edison's liabilities, while other liabilities are excluded.

---

[1] Toastmaster was dismissed as a defendant pursuant to a joint stipulation filed by the parties on September 29, 2016 [Doc. # 39].

Under the Asset Purchase Agreement, Toastmaster (and later Spectrum) assumed McGraw Edison's liability for "debts, duties, obligations, contracts, leases and civil liabilities of, or claims against, McGraw Edison . . . arising out of or with respect to . . . the operations of the business prior to the closing." (Section 4.1 of the Asset Purchase Agreement). [Doc. #1-1 at 12-13]. However, Spectrum did not assume the following liabilities: liabilities and obligations of McGraw Edison "to the extent to which McGraw Edison is entitled to be reimbursed, indemnified, or otherwise protected, in whole or in part, by insurance . . . .;" liabilities for "damages on account of injury (real or alleged) to persons or damage (real or alleged) to property arising from events or occurrences prior to" the closing date resulting from the possession or use of any products made by McGraw Edison; and, "all liabilities, claims, damages . . . and all expenses, including attorneys' fees" arising out of these excluded liabilities. (Asset Purchase Agreement, Section 4.2). [Doc. #1-1 at 13-15].

Cooper alleges that the cost of remediating the Macon site should be covered by Spectrum, and it filed the instant complaint seeking a declaratory judgment that Spectrum is obligated to defend and indemnify Cooper for any liability arising from the Macon site. Cooper also brings claims for breach and anticipatory breach of contract against Spectrum for Spectrum's refusal to defend and indemnify Cooper for costs already incurred, and for Spectrum's anticipated

refusal to do the same for future costs that may be incurred by Cooper related to the Macon site.

Spectrum interprets the Asset Purchase Agreement to exclude its responsibility for cleanup costs not only at the Macon site, but also for other sites subject to the Asset Purchase Agreement. These sites include plants located in Kirksville, Missouri and Laurinburg, North Carolina, both of which are subject to ongoing environmental remediation measures. Spectrum alleges that it is has sought defense and indemnification costs from Cooper for these three sites, but that Cooper has denied liability and indemnification with respect to each site.

Spectrum brings a counterclaim for breach of the Asset Purchase Agreement against Cooper and Cooper's insurance company, Employers Insurance Company of Wausau, for their refusal to provide Spectrum with defense and indemnification for costs incurred in connection with remediation of not only the Macon site, but also for the sites located in Kirksville and Laurinburg as well as unspecified "other sites also subject to the Asset Purchase Agreement." Spectrum also brings its own anticipatory breach of contract claims against Cooper and Wausau for their anticipated refusal to indemnify and defend Spectrum for future costs associated with the Macon, Kirksville, and Macon sites, as well as the unspecified "other sites." (Counts I and II of the Counterclaim). Spectrum also seeks a declaration

that the Asset Purchase Agreement requires Cooper and Wausau to indemnify and defend Spectrum for costs related to the sites. (Count III).

Wausau is not a party to the Asset Purchase Agreement, but its predecessor issued insurance policies to McGraw Edison from the late 1950s through the mid-1970s.[2] Spectrum alleges that one or more of these policies apply to the claims it makes in this case, and therefore under Section 4.2 of the Asset Purchase Agreement Cooper is obligated to indemnify Spectrum.

Counts IV and V are brought solely against Cooper and seek cost recovery, contribution, and a declaratory judgment under provisions of the federal environmental statute commonly known as CERCLA.[3]

Cooper moves to dismiss Counts I through III of the counterclaim for failure to state a claim, arguing that Spectrum's breach of contract and indemnification claims are barred both by the relevant statute of limitations[4] and the Asset Purchase Agreement. Cooper contends that Spectrum's claim for cost recovery under CERCLA fails with respect to the Macon and Kirksville sites because Spectrum has settled with the relevant government authorities with respect to these sites, which limits it to contribution damages only. Cooper further claims that Spectrum does not adequately allege the requisite elements for arranger

---

[2] That insurance company was not a party to the Asset Purchase Agreement, either.

[3] The Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.*

[4] The parties agree that New York law applies to the interpretation of the Asset Purchase Agreement.

liability under CERCLA. Finally, Cooper contends that Spectrum's request for relief as to unspecified "other sites" amounts to a request for an improper advisory opinion and should therefore be dismissed for lack of a case or controversy.

Having carefully reviewed Spectrum's counterclaim against Cooper under the relevant standards,[5] I conclude that Spectrum's claims as to the Macon, Kirksville, and Laurinburg sites survive dismissal at this time. Whether Spectrum may ultimately prevail on its claims or be entitled to all the relief it seeks is not properly before me at this stage of the proceedings. With respect to these sites, Spectrum has stated claims that are plausible on their face and is therefore entitled to present evidence supporting them. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint survives dismissal if factual allegations, accepted as true, state a clam "that is plausible on its face.").

The same cannot be said, however, with respect to unidentified "other sites." Those who invoke federal subject-matter jurisdiction must "demonstrate an actual, ongoing case or controversy within the meaning of Article III of the Constitution." *Republican Party of Minn. v. Klobuchar*, 381 F.3d 785, 789-90 (8th Cir. 2004). Ripeness is a justiciability doctrine that serves "to prevent the courts,

---

[5] The purpose of a motion to dismiss under Federal Rule of Civil Procedure 16(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Neitzke*, 490 U.S. at 327.

through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar,* 345 F.3d 570, 572 (8th Cir. 2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). "It is well settled that the ripeness inquiry requires the examination of both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Peculiar*, 345 F.3d at 572-73. A claim is not ripe if the alleged injury "rests upon future contingent events that may not occur as anticipated, or indeed may not occur at all." *KCCP Trust v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005).

Here, Spectrum's claims based on Cooper and Wausau's alleged future refusal to indemnify it for possible cleanup costs associated with unidentified "other sites" is too speculative to establish an actual case or controversy. Such a claim rests upon future contingent events that may not even occur and amounts to an improper request for an advisory opinion. This is particularly true where the existence, nature, and extent of any indemnification may rest, in part, on the circumstances surrounding the contamination. Moreover, Spectrum has suffered no injury as it has not discovered contamination, incurred cleanup costs, or sought indemnification with respect to these other unspecified sites. Without a specific, contaminated site to consider, it is impossible for the Court to determine whether

Spectrum is entitled to any of the relief it seeks. Spectrum's claims relating to "other sites" are dismissed on ripeness grounds.

Wausau has also filed a motion to dismiss, parroting the same arguments made by Cooper and adding one of its own.[6] Wausau also moves for dismissal of all claims brought against it because it is not a party to the Asset Purchase Agreement. I agree that Spectrum's claims against Wausau as currently pled must be dismissed because Wausau cannot be sued for breaching an agreement to which it is not a party. In its counterclaim, Spectrum alleges that Wausau breached the 1980 Asset Purchase Agreement. Despite these allegations, in its opposition to dismissal Spectrum effectively concedes that Wausau cannot be held liable for breaching a contract to which it is not a party. ("Spectrum is not seeking to hold Wausau liable for breach of contract.") [Doc #45 at p.7 fn.4]. Instead, Spectrum argues that Wausau "is a party to that count because its interests will be adjudicated . . . ." Spectrum advances the theory that Wausau should be a party to this lawsuit because the Asset Purchase Agreement provides that Cooper retained responsibility for any liabilities to the extent to which it "is entitled to be reimbursed, indemnified, or otherwise protected, in whole or in part, by insurance." Because Spectrum thinks that the policies provided by Wausau may apply to some or all of the sites at issue, it alleges that Wausau (and the corresponding issue of its insurance coverage) is properly joined in this case.

---

[6] To the extent Wausau reiterates the arguments made by Cooper, they are denied in part and granted in part for the same reasons stated above.

Whether Wausau can or must be joined in this case in some capacity by one or more parties is a distinct question from whether Spectrum can state a claim against Wausau for breaching the Asset Purchase Agreement, which it clearly cannot. I will not speculate on what claim or claims, if any, may properly be brought against Wausau in this case or whether even litigating the existence of insurance to determine Cooper's potential liability necessarily requires the participation of Wausau. In opposition to dismissal, Spectrum requests leave to amend its counterclaim to assert "a separate declaratory count" against Wausau. I express no opinion at this time on whether such a claim will ultimately survive dismissal, as no proposed amended counterclaim has been filed, but I will grant Spectrum leave to amend its counterclaim against Wausau. The current claims against Wausau are dismissed without prejudice.

With respect to the remaining counterclaims, I question the judicial efficiency and propriety of litigating and trying coverage issues relating to all three sites in this case. As stated above, the nature and extent of the coverage issues are highly fact and site specific. For this reason, I am considering severing the counterclaims relating to the Kirksville and Laurinburg sites and am ordering the parties to discuss this issue when they meet and confer about their proposed discovery schedule for this case. The parties should be prepared to discuss this issue at the Rule 16 conference, which will be set by separate Order. They should

also be prepared to discuss whether severance and transfer of the Laurinburg site counterclaim to North Carolina is appropriate. The parties should also discuss the possibility of staying one or more claims pending the resolution of others. I understand Wausau's argument that insurance coverage issues are typically litigated after liability is established, but in this circumstance where a party is arguing the existence of insurance as a predicate to liability, it may make sense to resolve the coverage issues first. Despite the anticipated amended counterclaim and corresponding motion to dismiss that will likely be filed by Wausau, I am still going to set this case for a scheduling conference and I expect Wausau to participate fully in the preparation of the scheduling plan and attend the scheduling conference. Finally, I want the parties to seriously discuss the prospect of early mediation in this case, as it seems ripe for such a referral and it is my intention to enter such an Order absent good cause shown.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [30] filed by counter defendant Cooper is granted only as follows: counter claimant Spectrum's claims related to "other sites," as set out above, are dismissed for lack of jurisdiction. In all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that the motion to dismiss [37] filed by counter defendant Employers Insurance of Wausau is denied in part and granted in

part as set out above, and counter claimant Spectrum's claims against Wausau are dismissed without prejudice, except with respect to those claims related to "other sites," which are dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that counter claimant Spectrum shall file its amended counterclaim against Wausau by no later than **December 16, 2016**. The amended counterclaim shall also delete any claims related to "other sites" against both counter defendants as they have been dismissed.

**IT IS FURTHER ORDERED** that this case will be set for a scheduling conference by separate Order. **That conference will take place on the record in the courtroom, and counsel will be required to appear in person for the conference. No telephone participation will be permitted. Any requests to reset the scheduling conference shall be made by written motion, indicate whether all parties consent, and include proposed alternative dates acceptable to all parties. No motion to continue the scheduling conference will be considered unless the parties have first agreed upon proposed alternative dates.**

**IT IS FURTHER ORDERED** that the motion for hearing [48] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of November, 2016.