UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| COOPER INDUSTRIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:16 CV 39 CDP |
| | ) | |
| SPECTRUM BRANDS, INC., | ) | |
| | ) | |
| Defendant/Counter Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COOPER INDUSTRIES, LLC, et al., | ) | |
| | ) | |
| Counter Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Wausau's motion to dismiss Spectrum's first amended counterclaim for declaratory relief. I previously granted Wausau's first motion to dismiss without prejudice to Spectrum's right to file an amended counterclaim, and will not restate the underlying factual and procedural background of this case or the legal standards governing the motion to dismiss.

In its amended counterclaim, Spectrum seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that insurer Wausau owes insurance benefits to its insured Cooper for environmental liabilities arising out of the Asset Purchase Agreement. Having carefully reviewed the first amended counterclaim in

light of the relevant standards, I conclude that Spectrum lacks standing to seek a declaration about the rights and obligations owed under an insurance contract to which it is not a party or third-party beneficiary. Spectrum is not a party to the insurance contract between Wausau and Cooper and has no judgment against Cooper. Spectrum did not solve the deficiencies of its counterclaim against Wausau by converting its breach of contract claim into one for declaratory relief, as the Declaratory Judgment Act does not create an independent basis for federal subject-matter jurisdiction. *Victor Foods, Inc. v. Crossroads Economic Dev. of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992). "The Declaratory Judgment Act does not extend the jurisdiction of the federal courts[;] it only enlarges the range of remedies available." *Midland Farms, LLC v. United States Department of Agriculture*, 35 F. Supp. 3d 1056, 1065-66 (D.S.D. 2014) (internal quotation marks and citations omitted). Federal district courts can grant declaratory relief under the Declaratory Judgment Act in "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. "Therefore, an independent source of jurisdiction, such as diversity or federal question jurisdiction, must exist before a federal court can order declaratory relief." *Midland Farms*, 35 F. Supp. 3d at 1066.

To state a claim against Wausau under the Declaratory Judgment Act, Spectrum must meet the "case or controversy" requirements of article III of the

Constitution and also have "standing to sue under the relevant state law." *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126 (8th Cir. 1998) (citing *Metropolitan Express Services, Inc. v. City of Kansas City,* 23 F.3d 1367, 1369–70 (8th Cir.1994)). Wausau contends that Missouri law governs its insurance obligations to Cooper. Spectrum argues only that Missouri courts "may" apply Illinois law, but it does not dispute that Illinois law is the same as Missouri law on this issue. Assuming, without deciding, that Spectrum has Article III standing, the dispositive issue is whether Spectrum has standing under state law to assert a counterclaim against Wausau seeking a declaration that Wausau owes a duty to defend and indemnify Cooper for environmental liabilities Spectrum is asserting against Cooper when Spectrum has not yet obtained a judgment against Cooper. *See Wolfe*, 143 F.3d at 1126; *Radha Geismann, M.D., P.C. v. American Economy Ins. Co.*, 2013 WL 5312714, at *2 (E.D. Mo. Sept. 20, 2013). It does not.

"Under Missouri law, a party has standing to obtain a declaration of rights, status, and legal relationship under a contract only if it is a party to the contract or a third party beneficiary thereof." *Nationwide Mutual Ins. Co. v. Harris Medical Associates, LLC*, 2013 WL 5532691, at *4 (E.D. Mo. Oct. 7, 2013). There is no dispute here that Spectrum is neither a party to, nor a third party beneficiary of, any insurance contracts between Cooper and Wausau. As such, it lacks standing to pursue its counterclaim against Wausau under Missouri law. *See id.* at *5.

3

Applying Illinois law would not change the result here.  *See Adams v. Employers Ins. Co. of Wausau*, 49 N.E.3d 924, 928 (Ill. Ct. App. 2016).  For the foregoing reasons, I will grant Wausau's motion to dismiss Cooper's counterclaim under Fed. R. Civ. P. 12(b)(1) for lack of standing.

Spectrum remains free to pursue its claims against Cooper under various provisions of the Asset Purchase Agreement, and Wausau remains involved in this case as it is providing a defense to Cooper.  Despite the dismissal of Spectrum's counterclaim against Wausau, I expect Wausau and all parties to continue their mediation efforts in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Wausau's motion to dismiss [64] pursuant to Fed. R. Civ. P. (b)(1) is granted, and Spectrum's counterclaim against Wausau is dismissed.

                                                      CATHERINE D. PERRY
                                                      UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2017.