UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| COOPER INDUSTRIES, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:16 CV 39 CDP |
| SPECTRUM BRANDS, INC., | ) |
| Defendant/Counter Plaintiff, | ) |
| vs. | ) |
| COOPER INDUSTRIES, LLC, et al., | ) |
| Counter Defendants. | ) |

## **MEMORANDUM AND ORDER**

In 1980, the predecessor of plaintiff Cooper (McGraw Edison) sold some property and plant sites to the predecessor of defendant Spectrum Brands, Inc. (Toastmaster)[1] under an Asset Purchase Agreement.[2] One of these plants is located in Macon, Missouri. After the sale, environmental contamination was discovered at the Macon site and remediation began.

---

[1] Toastmaster was dismissed as a defendant pursuant to a joint stipulation filed by the parties on September 29, 2016 [Doc. # 39].

[2] As the parties agree that Cooper now holds all the rights and responsibilities of McGraw Edison and Spectrum holds all the rights and responsibilities of Toastmaster under the agreement, for ease of reference I will substitute Cooper for McGraw Edison and Spectrum for Toastmaster in this Memorandum and Order.

At issue in this case is who ultimately bears the cleanup costs for the Macon site under the terms of the agreement. Spectrum sold the Macon site and the liability for the cleanup costs to third party Compton's LLC (CLLC) in 2011. CLLC "assumed all environmental obligations and agreed to perform all environmental remediation associated with the Macon site." *Spectrum Brands, Inc. v. Compton's LLC, et. al*, Cause Number 2:16 CV 30 HEA (E.D. Mo. Aug. 21, 2018) [Doc. # 93 in Cause Number 2: 16 CV 30 HEA]. Richard Compton personally guaranteed CLLC's obligations under the agreement. *Id.*

Spectrum eventually sued CLLC and Compton in a separate lawsuit filed in this Court over their assumption of the environmental liabilities. *Spectrum Brands, Inc. v. Compton's LLC, et. al*, Cause Number 2:16 CV 30 HEA. The presiding judge in that case, the Honorable Henry E. Autrey, granted summary judgment in favor of Spectrum, ruling as a matter of law that CLLC and Cooper were responsible for the environmental cleanup costs at the Macon site. [Doc. # 93 in Cause Number 2: 16 CV 30 HEA]. That ruling eventually led to the entry of a Consent Judgment, which entered judgment against CLLC and Cooper and in favor of Spectrum in the amount of $1.7 million dollars, which purports to be the costs incurred by Spectrum to remediate the Macon site. [Doc. # 98 in Cause Number 2:16 CV 30 HEA]. These appear to be the same costs being sought by Spectrum in this case.

Accordingly,

**IT IS HEREBY ORDERED** that no later than **noon on Monday, October 29, 2018**, Spectrum shall file a memorandum with the Court explaining the effect of the Consent Judgment and Judge Autrey's rulings in *Spectrum Brands, Inc. v. Compton's LLC, et. al*, Cause Number 2:16 CV 30 HEA, on this case, including the preclusive effect, if any, of the summary judgment ruling and Consent Judgment, and also setting out the basis for this Court's continued jurisdiction over its counterclaims as a live case or controversy, including but not limited to, the CERCLA claims.

**IT IS FURTHER ORDERED** that Cooper may file an opposition to the memorandum no later than **noon on Monday, November 5, 2018**.

**IT IS FURTHER ORDERED** that these memoranda shall not exceed 15 pages in length. No additional briefing will be permitted, so the parties shall include all relevant arguments and legal authorities in their respective memoranda.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of October, 2018.