UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| COOPER INDUSTRIES, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:16 CV 39 CDP |
| SPECTRUM BRANDS, INC., | ) |
| Defendant/Counter Plaintiff, | ) |
| vs. | ) |
| COOPER INDUSTRIES, LLC, et al., | ) |
| Counter Defendants. | ) |

## MEMORANDUM AND AMENDED CASE MANAGEMENT ORDER

In 1980, the predecessor of plaintiff Cooper (McGraw Edison) sold some property and plant sites to the predecessor of defendant Spectrum Brands, Inc. (Toastmaster) under an Asset Purchase Agreement.[1] One of these plants is located in Macon, Missouri. After the sale, environmental contamination from trichloroethylene (TCE)[2] was discovered at the Macon site and remediation began.

To determine responsibility for the cleanup costs, the parties have asserted claims for contribution under §113(f) of CERCLA, and these claims are set for a four-day bench trial on a docket beginning January 22, 2019. The parties move to exclude from trial the testimony of

---

[1] As with prior Orders, because the parties agree that Cooper now holds all the rights and responsibilities of McGraw Edison and Spectrum holds all the rights and responsibilities of Toastmaster under the agreement, for ease of reference I will substitute Cooper for McGraw Edison and Spectrum for Toastmaster in this opinion.

[2] TCE is an industrial degreaser used to clean machine parts. Cooper manufactured small appliances at the Macon site.

certain experts[3] under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993), and its progeny. The purpose of such motions is to ensure that only reliable and relevant expert testimony is presented to a jury. *Russell v. Whirlpool Corp.,* 702 F.3d 450, 456 (8th Cir. 2012). In non-jury trials such as this one, there is less need for the Court to exercise this gatekeeping function "'when the gatekeeper is keeping the gate only for [her]self.'" *In re Zurn Pex Plumbing Prods. Liability Litigation*, 644 F.3d 604, 613 (8th Cir. 2011) (quoting *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005)). Thus, *Daubert's* application is relaxed for bench trials. *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012).

The opinion of a qualified expert witness is admissible if: 1) it is based upon sufficient facts or data, 2) it is the product of reliable principles and methods, and 3) the expert has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.; *see also Watson,* 668 F.3d at 1015. A party's mere disagreement with an expert's assumptions and methodologies does not warrant exclusion of expert testimony. *Id.* If a party thinks other assumptions and methodologies are more appropriate, it may make this apparent through cross-examination and its own expert witnesses. *Id.* "[Q]uestions of conflicting evidence must be left for [the factfinder's] determination." *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 930 (8th Cir. 2001) (internal quotation marks and citation omitted).

I have substantial discretion in determining whether expert testimony should be allowed. *Russell,* 702 F.3d at 456. If I am satisfied with the expert's knowledge, skill, experience, training, or education, and the expert's testimony is reasonably based on that expertise, admitting the testimony is not an abuse of discretion. *Daubert,* 509 U.S. at 588-91; *Weitz Co. v. MH*

---

[3] These experts are David Ledbetter, Esq., Michael Berman, P.E., and David Reynolds, Ph.D., for Cooper, and Tyler Gass for Spectrum.

*Washington,* 631 F.3d 510, 527 (8th Cir. 2011). I should resolve doubts regarding an expert's testimony in favor of admissibility. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006). "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross examination." *Hartley v. Dillard's, Inc.,* 310 F.3d 1054, 1061 (8th Cir. 2002) (internal quotation marks and citation omitted).

Applying these standards, I conclude that these challenged experts will be permitted to testify at trial, but their opinions will be given only such weight as I deem appropriate at the conclusion of the trial. Therefore, all motions in limine will be denied.

The parties have consented to a bench trial in St. Louis and indicate that it should take four days to try this case to its conclusion. [Doc. # 160]. Because this case is now a bench trial, the Court herewith enters an amended pre-trial order which imposes modified filing obligations, including the pre-trial filing of proposed findings of fact and conclusions of law, upon the parties. Moreover, as we ordinarily are able to complete 6 hours of trial per trial day, the total trial will be limited to 24 hours, with each side to have 12 hours to complete its case. Any time spent examining or cross-examining a witness will be counted, as will be any time spent making an opening statement, closing argument or argument on any type of motions or objections. Additionally, of course, any deposition testimony must either be played on video or read in court, and the time spent doing so will be included in the 12 hour time limit.

Accordingly,

**IT IS HEREBY ORDERED** that the motions in limine [121, 128] are denied.

**IT IS FURTHER ORDERED** that the amended case management order previously entered on February 28, 2018 [110] is amended only as follows: this action is now set for a

**NON-JURY** trial on **January 22, 2019**, at **8:30 a.m in St. Louis, Missouri.** This is a **two** week docket.

In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation.

2. **Witnesses:**

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall

identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

      (b)     Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

      **5.**    **Findings of Fact, Conclusions of Law and Trial Brief:** Submit to the Court and to opposing counsel full, complete, and specific findings of fact and conclusions of law, together with a trial brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems. **The proposed findings of fact and conclusions of law should also be emailed to the Court in Word format** as outlined in the Administrative Procedures Manual for Case Management/Electronic Case Filing (available on the Court's website). The parties should contact the Clerk's Office with questions regarding this requirement.

      **6.**    **Motions In Limine:** File all motions in limine to exclude evidence at least ten (10) days before trial.

**IT IS FURTHER ORDERED** that the total trial will be limited to 24 hours, with each side to have 12 hours to complete its case. Any time spent examining or cross-examining a witness will be counted, as will be any time spent making an opening statement, closing argument or argument on any type of motions or objections, and any deposition testimony must either be played on video or read in court with the time spent doing so included in the 12 hour time limit.

 

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2018.